JAMES F. O'LEARY & another[1] *vs.* OSCAR R. NEPOMUCENO & another.[2]

No. 97-P-0041.

Hampden. February 17, 1998. - May 1, 1998.

Present: BROWN, GILLERMAN, & PORADA, JJ.

*Medical Malpractice,* Appeal, Bond, Tribunal. *Negligence,* Medical malpractice. *Practice, Civil,* Discovery, Amendment, Answer.

In a medical malpractice action, the failure of the clerk-magistrate's office to process, pursuant to the procedures set forth in G. L. c. 261, § 27D, the plaintiffs' appeal from the judge's denial of their motion to reduce the amount of the bond was not ground for reversal, where the judge correctly denied the motion. [684]

A medical malpractice case should not have been dismissed for failure of the plaintiffs to post the required bond, while the plaintiffs' appeal from the denial of their motion to reduce the bond was pending. [684-685]

A medical malpractice tribunal correctly concluded that the plaintiffs' offer of proof was insufficient to raise a legitimate question of liability. [685]

No abuse of discretion was demonstrated in the Superior Court judges' permitting defendants in a medical malpractice action to conduct discovery prior to the convening of the tribunal [685-686], nor was there any abuse of discretion in a judge's allowing a defendant to amend his answer, after the convening of the tribunal, to include a request for attorney's fees and costs [686].

CIVIL ACTION commenced in the Superior Court Department on April 20, 1993.

The case was heard by *John F. Moriarty,* J., on motions to dismiss.

*Richard W. Jensen* for Oscar R. Nepomuceno.

*John G. Bagley & Diane C. Fernald,* for Mercy Hospital, submitted a brief.

*James F. O'Leary & Patricia C. O'Leary,* pro se, submitted a brief.

[1]Patricia C. O'Leary.

[2]Mercy Hospital.

PORADA, J. The plaintiffs appeal from the dismissal of their medical malpractice action based on their failure to post a $6,000 bond after a medical malpractice tribunal found in favor of the defendants and the tribunal judge denied their motion to reduce the bond from $6,000 to ten dollars.[3] Their claims of error are as follows: (1) the trial court failed to process their appeal from the judge's denial of their motion to reduce the bond; (2) their action was dismissed while their appeal from the denial of their motion to reduce the bond was pending; (3) the tribunal's finding in favor of the defendants was incorrect; and (4) several rulings of Superior Court judges pertaining to discovery and amendment of pleadings were improper. We address each of those claims.

1. *Appeal from the motion judge's refusal to reduce the bond.* The plaintiffs filed a timely appeal from the tribunal judge's denial of their motion to reduce the bond. The clerk's office was required to process the appeal pursuant to the procedures set forth in G. L. c. 261, § 27D, but failed to do so. *Perez* v. *Baystate Ambulance & Hosp. Rental Serv., Inc.*, 413 Mass. 670, 677-678 (1992). However, the failure to do so does not warrant reversal because we conclude that the tribunal judge was correct in denying the motion on the ground that no reasonable person would expend his own funds in pursuit of this action in light of the plaintiffs' offer of proof. *Ibid.*

2. *Dismissal while appeal pending.* The plaintiffs argue that the action should not have been dismissed while the plaintiffs' appeal from the denial of their motion to reduce the bond was pending. The defendants argue that the dismissal was proper because thirty days had elapsed from the tribunal judge's ruling on the motion to reduce the bond, see and compare *St. Germain* v. *Pfeifer*, 418 Mass. 511, 521-522 (1994), and a justice of the Superior Court had denied the plaintiffs' motion to stay the proceedings pending a ruling from the single justice of the Appeals Court on the plaintiffs' appeal.

Although the Supreme Judicial Court in the *St. Germain* case held that the thirty-day period for posting a bond begins to run from the tribunal judge's ruling on the motion to reduce the bond, *id.* at 522, there had been no ruling in that case by the

---

[3]The plaintiffs' complaint also contained claims for deceit, breach of contract, violation of G. L. c. 93A, and assault and battery. The plaintiffs do not argue on appeal that dismissal of those claims was error; we therefore do not reach the issue.

tribunal judge on the plaintiffs' motion to reduce the bond and consequently no appeal could have been lodged. In the *St. Germain* case, the Supreme Judicial Court noted that "[a]ny other result would render the statute's bond reduction provisions for indigents meaningless." *Id.* Likewise, where the plaintiffs' only avenue of appeal is to the single justice of the Appeals Court, whose decision is final, G. L. c. 261, § 27D, to hold that the action may be dismissed for failure to post the bond while an appeal from the tribunal judge's denial of a motion to reduce the bond is pending, would render indigents' rights of appeal from a tribunal judge's decision on a motion to reduce the bond of little consequence. The judgment of dismissal should not have been entered.

3. *Tribunal's findings.* Based upon our review of the record, the tribunal properly found that the plaintiffs' offer of proof was insufficient to raise a legitimate question of liability. The plaintiffs contend that the defendant Nepomuceno failed to conform to good medical practice by not obtaining plaintiff James F. O'Leary's informed consent to the surgery performed, specifically in failing to inform him that there was a viable alternative to the surgery performed, i.e., observation. However, the plaintiffs presented no expert testimony that there was a viable alternative. Instead they relied on the defendant Nepomuceno's own testimony in which he clearly indicated that observation was not a viable alternative, for without surgery serious injury or death might occur. In addition, plaintiff James F. O'Leary signed an informed consent form in which he indicated that he was fully informed of the risks of and options to the surgery and that he consented to the procedure. There was no error.

4. *Rulings on motions for discovery and amendment of pleadings.* The plaintiffs argue that various judges of the Superior Court erred in permitting the defendants to conduct discovery prior to the convening of a medical malpractice tribunal. They also assert that a Superior Court judge erred in allowing the defendant Nepomuceno to amend his pleading to include a request for attorney's fees and costs under G. L. c. 231, § 6F.

The plaintiffs filed their complaint on April 20, 1993. On December 2, 1993, a Superior Court judge denied the plaintiffs' request for relief from discovery requests of the defendants and ordered discovery to proceed according to the tracking schedule of the Superior Court even though no medical malpractice

tribunal had been convened. In April, 1995, another Superior Court judge allowed the defendant Nepomuceno's motion for disclosure of the plaintiffs' expert witnesses. A medical malpractice tribunal was finally convened on May 15, 1995. In light of the inexplicable delay in convening the medical malpractice tribunal and the possibility of the loss of evidence with the passage of time, the judges did not abuse their discretion in ordering the discovery. In any event, the plaintiffs have demonstrated no prejudice from those rulings.

The plaintiffs also complain that a justice of the Superior Court abused his discretion in allowing the defendant Nepomuceno, after the convening of the tribunal, to amend his answer to include a request for attorney's fees and costs under G. L. c. 231, § 6F. Although the pro se status of the plaintiffs may well preclude any such award, see G. L. c. 231, § 6F, we do not conclude that the allowance of the amendment constituted an abuse of discretion, for there remains the possibility that the plaintiffs in the future might secure legal representation to prosecute their claims. In any event, the plaintiffs have not demonstrated any prejudice by the allowance of this amendment.

The dismissal of the plaintiffs' claims against the defendants is affirmed unless a bond in the amount of $6,000 is posted in the Superior Court within thirty days of the entry of the rescript in the Superior Court.

*So ordered.*