Curtin, J.
Jonathan Hoch (“Hoch”) appealed the trial court’s rulings awarding contract attorney’s fees to AJP Contractors, Inc. (“AJP”), denying Hoch’s G.L.c. 93A claim, and denying Hoch’s request for statutory attorney’s fees.
The protracted history of the parties’ legal controversy began in November, 2003, when AJP commenced a breach of contract action against Hoch in the Concord District Court to recover payment for landscaping services AJP had provided at Hoch’s home. Hoch responded with an answer, a counterclaim, and a motion to join Armand J. Porrazzo (“Porrazzo”), a corporate officer of AJP, as a defendant to his counterclaim. That motion was denied in January, 2004.
Following the denial of his joinder motion, Hoch commenced an action against Porrazzo, individually, alleging intentional misrepresentation, breach of warranty, and violations of G.L.c. 93A. In July, 2004, Porrazzo filed a Mass. R. Civ. R, Rule 12 (b) (6) motion to dismiss Hoch’s complaint, which was allowed. Upon Hoch’s expedited appeal of that dismissal to this Appellate Division, we vacated the trial court’s judgment for Porrazzo, reversed the allowance of Porrazzo’s motion to dismiss, and returned the case to the Concord District Court for trial. Hoch v. Porrazzo, 2005 *214 Mass. App. Div. 61, 62.
On Hoch’s motion, the two cases were consolidated in August, 2005. Hoch then moved successfully to amend both his answer to AJP’s complaint and his counterclaim to assert additional claims against both AJP and Porrazzo.[2]
A jury trial was conducted in March, 2007. At the close of the evidence, the trial judge directed verdicts in favor of Porrazzo on all counts and in favor of AJP on the counts for intentional misrepresentation and breach of warranty. The remaining claims were submitted to the jury. Upon special verdicts, the jury determined that (1) Hoch breached his contract with AJP, entitling AJP to $4,000.00 in damages; (2) AJP did not breach its contract with Hoch; (3) both AJP and Hoch “understood and agreed upon” the attorney’s fees provision in their contract; (4) AJP was liable under G.Lc. 21E for the hazardous contaminants discovered in Hoch’s property; and (5) Hoch was entitled to $4,200.00 in damages for reasonably incurred response costs, or future costs, related to the contamination.
In April, 2007, counsel for AJP and Porrazzo filed a motion, supported by an affidavit and itemized invoices, for an award of $315.46 in costs and $31,440.00 in attorney’s fees based on a provision in AJP and Hoch’s contract. Hoch filed a written opposition, and moved for $23,684.19 in costs and attorney’s fees based on G.L.c. 21E, §4A(d) and G.L.c. 93A, §9. After hearing, the judge allowed the motion of AJP and Porrazzo’s attorney, awarding him $315.46 in costs and $25,100.00 in attorney’s fees. The judge denied Hoch’s motion for costs and attorney’s fees, noting that
[ajfter having considered all filings by the parties, arguments of counsel and all evidence submitted at trial and the jury’s answers to the special questions submitted to it — it is clear that the jury substantially rejected J.H.’s [i.e., Hoch’s] position in this case. After consideration of all evidence, c[our] t rules that J.H. failed to prove that AJ.R, Inc.’s liability was reasonably clear. See G.L.c. 21E, §4A(d) (3) and Buddy’s Inc. v. Town of Saugus, 62 M[ass.] A[pp.] C[t.] 256 (2004).
The judge also ruled that Hoch had failed to prove a violation of G.L.c. 93A and, therefore, was not entitled to attorney’s fees under that statute.
1. Hock’s motion for costs and attorney’s fees under G.Lc. 21E, §4A(d). Section 4A(d) of G.L.c. 21E authorizes the award of “litigation costs and reasonable attorney’s fees to *215 claimants who successfully prosecute private actions to recover the costs of responding to the release of hazardous materials.” Buddy’s Inc. v. Saugus, 62 Mass. App. Ct. 256 (2004).[3] Relying on the second sentence of §4A(d), Hoch argues, erroneously, that he is entitled to an award of costs and attorney’s fees under the statute because "AJP knew that it placed street sweepings on Hoch’s property, and after receiving notice that the street sweepings were contaminated, did not once: (a) participate in any negotiations or dispute resolution in good faith; and (b) enter into an agreement to, or carry out, any remediation of Hoch’s property despite clear liability.”
First, Hoch’s argument is devoid of merit because he has relied on the wrong provision of §4A(d). As Hoch asserted a G.Lc. 21E violation in his counterclaim against AJP, his claim for costs and attorney’s fees is governed not by the second sentence of §4A(d), which applies to “plaintiffs,” but by the last sentence of §4A(d) (3), which applies to “complainants.” Buddy’s Inc. v. Town of Saugus supports this statutory construction. In that case, the Appeals Court affirmed the denial of a third-party plaintiff’s motion for costs and attorney’s fees under §4A(d) (1) and (2) because these provisions “apply only to an original plaintiff and not to a third-party plaintiff.” Id. at 260. In so holding, the Court explained that “the plain meaning of the statute is that there are two different schemes for the recovery of attorney’s fees and costs — one, described in the second sentence of §4A(d), pertaining to ‘plaintiffs,’ and another, described in the final sentence of §4A(d), pertaining to ‘complainants’ who prosecute cross claims, counterclaims, and third-party claims.” Id.
Second, based on the record before us, Hoch has failed to prove, pursuant to the last sentence of §4A(d) (3), that AJP “failed without reasonable basis to offer to enter into or carry out an agreement to perform or participate in the performance of the *216 response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability pursuant to the provisions of this chapter, where [the defendant’s] liability was reasonably clear“ (emphasis supplied). Buddy’s Inc. v. Town of Saugus is again instructive. Although the jury found that “A.J.P. Inc. [was] liable pursuant to G.L.c. 21E in connection with the hazardous contamination discovered in Jonathan Hoch’s property,” the verdict, as in Buddy’s Inc., supra, did not specify whether AJP’s liability was reasonably clear when it allegedly declined to participate in the response action or to make payment before trial. See id. at 264. Further, Hoch elected to proceed to this Division by way of a Dist/Mun. Cts. R. A. D. A., Rule 8A, expedited appeal and, thus, did not include a transcript in the record presented to us. Its reliance, therefore, on evidence presented at trial and not included in the record is misplaced. See id. Finally, in the margin of Hoch’s motion for costs and attorney’s fees, the judge wrote that “[a]fter consideration of the evidence, [the] [c]ourt rules that J.H. [i.e., Hoch] failed to prove that AJP’s liability was reasonably clear.” See id. As a result, the trial court correctly denied Hoch’s motion for costs and attorney’s fees under G.L.c. 21E, §4A(d).
2. Dismissal of Hoch’s G.L. c. 93A Counterclaim. Hoch also contends, erroneously, that AJP’s violation of G.L.c. 21E constituted a per se violation of G.L.c. 93A. He relies on 940 CMR §3.16(3), which provides:
Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L.c. 93A, §2 if... [i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection. ...
There is authority supporting the trial court’s conclusion that a violation of G.L.c. 21E is not a per se violation of G.L.c. 93A entitling Hoch to an award of mandatory attorney’s fees. See, e.g., Swenson v. Yellow Transp., Inc., 317 F. Supp. 2d 51, 55-56 (D. Mass. 2004). As the superior court reasoned in Dow v. Lifeline Ambulance Serv., Inc., no. 924829 (July 3,1996):
Were the Court to accept the plaintiffs’ argument that the violation of any Massachusetts statute or regulation automatically constitutes a violation of chapter 93A under Attorney General’s regulations at 940 Code Mass. Regs. §3.16(3), chapter 93A would immediately become the preeminent law of the Commonwealth, replacing all other forms of civil liability. The advantage provided by the option of double or treble damages and awards of attorney’s fees granted successful consumer plaintiffs in business situations would be granted to all plaintiffs in all situations. Without clearer indication from the Legislature that this result is desirable and just, the Court cannot engage in such a radical rewriting of Massachusetts jurisprudence.
Whether an act or practice is "unfair and deceptive” in violation of G.L.c. 93A is a question of law for the trial court to be decided "on the facts and circumstances of *217 each case.” Swenson, supra at 54, quoting Darviris v. Petros, 59 Mass. App. Ct. 323, 328 (2003), S.C., 442 Mass. 274 (2004). To recover under G.L.c. 93A, “a plaintiff must establish both that an unfair or deceptive act or practice has been committed and that the commission of that act or practice has caused him an injury. The plaintiff must show that there was a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception.” Id., quoting Lord v. Commercial Union Ins. Co., 60 Mass. App. Ct. 309, 317 (2004). Mere negligence is insufficient to state a claim under G.L.C. 93A. See Darviris, supra at 329 and cases cited.
In the instant case, the facts do not support the conclusion that AJP violated G.L.C. 93A. The evidence did not require a finding as a matter of law that AJP’s unknowing placement on Hoch’s property of what was later determined to be contaminated soil was unfair or deceptive, or rose to the level of “conduct involving dishonesty, fraud, deceit or misrepresentation” so as to support a statutory recovery by Hoch. Swenson, supra at 55, quoting Darviris, supra at 329. See also Poly v. Moylan, 423 Mass. 141, 151 (1996). There was no error in the trial court’s dismissal of Hoch’s G.L.C. 93A counterclaim.
3. Award of Attorney’s Fees to AJP. AJP’s counsel properly moved for attorney’s fees and costs based on a clause in AJP’s contract with Hoch that stated: “Payments are due at times designated in contract. AJP reserves the right to take legal action if necessary to receive payment. If judgment is found in favor of AJP customer will be responsible for legal services necessary to settle arrangement.” It is settled in this Commonwealth that a court may properly award attorney’s fees to a prevailing party pursuant to a valid contractual provision allowing the same. See Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 827 (1982); Bournewood Hosp., Inc. v. Massachusetts Comm’n Against Discrimination, 371 Mass. 303, 311-312 (1976). Further, the jury in this case returned a special verdict that the provision regarding attorney’s fees contained in the Hoch-AJP contract was “understood and agreed upon by both parties.” Upon AJP’s recovery of a judgment against Hoch, that contractual provision was appropriately triggered.
After a hearing, the trial court allowed the motion and awarded $315.46 in costs and $25,100.00 in attorney’s fees, an award approximately $6,000.00 less than the fees sought by AJP’s counsel. The trial judge indicated that his award was based upon his consideration of “all filings by the parties, arguments of counsel and all evidence submitted at trial.” The judge also provided a detailed explanation of his reduction of the amount of the attorney’s fees requested.[4]
“A trial judge has wide discretion in determining the amount of attorney’s fees to be awarded to a party.” Northern Assocs., Inc. v. Kiley, 57 Mass. App. Ct. 874, 882 (2003). The judge obviously had firsthand experience with the case, and was in the *218 best position to make a determination of reasonable attorney's fees. See Stowe v. Bologna, 417 Mass. 199, 202 (1994). His detailed findings demonstrate his application of the appropriate factors. We note that the amount of the attorney’s fees awarded to AJP only slightly exceeded the amount of the legal fees requested by Hoch. There was no abuse of discretion.
Appeal dismissed.
So ordered.

 The trial court also allowed Hoch’s motion to join the Town of Concord (“town”) as a defendant to his counterclaim in the consolidated case. The town responded in November, 2005 with an answer and affirmative defenses to Hoch’s counterclaim and with a cross claim against AJP and Porrazzo. The latter responded, in turn, with an answer and counterclaim to the town’s cross claim.
In March, 2007, the trial court dismissed the town’s cross claim and AJP and Porrazzo’s counterclaim. In the margin of the town’s motion to dismiss AJP and Porrazzo’s counterclaim, the judge wrote that the motion was allowed “w[ith] the understanding that any judgment obtained by J.H. [i.e., Hoch] should be reduced by the $13,000 settlement.” It thus appears that the town and Hoch had negotiated a settlement, which was to include payment to Hoch of $13,000.00.

 Section 4A(d) states:
“(d) In any civñ action in which a claim, third-party claim, counterclaim or cross-claim is filed pursuant to section four of this section, the court shall award contribution, reimbursement or the equitable share of liability for which one or more other parties is found to be responsible, if any. In addition, the court shall award the plaintiff its litigation costs and reasonable attorneys’ fees if the plaintiff shows, and the court finds, that the person against whom the civil action is brought is liable and:
(1) failed without reasonable basis to make a timely response to a notification pursuant to this section, or
(2) did not participate in negotiations or dispute resolution in good faith, or
(3) failed without reasonable basis to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability pursuant to the provisions of this chapter, where its liability was reasonably clear. In addition, if a third-party claim, counterclaim or cross-claim is filed pursuant to this section, the court shall award the claimant litigation costs and reasonable attorneys’ fees if the person against whom the claim is brought is found liable and failed without reasonable basis to offer to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its share of the costs of such response action or of other liability pursuant to the provisions of this chapter, where the defendant’s liability was reasonably clear.”

 The judge stated: ‘The att[orney]’s fees (total 31.30hrs) incurred relative to 0447CV[0]288, primarily arising out of appeal to Appellate Division concerning AJP individually [i.e., Porrazzo] — are too remote, relative to the clause in Exhibit 11 [i.e., attorney’s fee contract provision] — which is the basis for the award of such fees.” “[A] 11 other fees,” the judge ruled, “are incurred/awarded pursuant to Northern Associates, Inc. v. Kiley, 57 Mass. App. Ct. 874 (2003) and Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813 (1982).”