Kern, Leila R., J.
This action arises from a motor vehicle accident that occurred on or about August 8 and 9, 2008. The First Amended Complaint included Count XIV, which alleged a violation of c. 93A. On May 3, 2011, this court dismissed Count XIV, on motion by defendants, pursuant to Mass.R.Civ.P. 12(b)(6). The matter before this court is plaintiffs’ Motion for Reconsideration. For the reasons contained herein, the motion is DENIED.
DISCUSSION 1. Standards of Review a. Rule 60(b)
Mass.R.Civ.P. 60(b) allows for the review of any judgment, order, or proceeding based upon an alleged mistake of fact or law made in the original ruling. Mass.R.Civ.P. 60(b). However, the standard of review leaves the court with substantial discretion, as “there is no duty to reconsider a case, an issue, or a question of fact or law ...” King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987) (quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940)).
b. Rule 12(b)(6)
To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). *568 While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Iannacchino, 451 Mass. at 636. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . ."Id., quoting Bell Atl. Corp., 550 U.S. at 557. When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint and draws all reasonable inferences from the complaint in favor of the plaintiff. See Nader v. Citron, 372 Mass. 96, 98 (1977), abrogated on other grounds by Iannacchino.
2. Legislative Intent of c. 93A
Chapter 93A prohibits unfair and deceptive practices in the conduct of any trade or commerce. M.G.L, c. 93A, §2(a). The statute was enacted to “improve the commercial relationship between consumers and businessmen ... [to remedy] the distinct imbalance of power between consumers and business.” Dow v. Lifeline Ambulance Serv., Inc., 1996 WL 1186916 at *1-2. The statute gives no definition of “unfair or deceptive.” Conduct that constitutes a violation of c. 93A depends upon the facts and circumstances of each case. Darviris v. Petros, 59 Mass.App.Ct. 323, 328 (2003). Despite the language in 940 Code Mass. Regs. §3.16(3), it is well settled that “not every unlawful act is automatically an unfair (or deceptive) one under M.G.L.c. 93A.” Mechanics Nat’l Bank of Worcester v. Killeen, 377 Mass. 100, 109 (1979). See also Dow at *1 (mere negligence, without more, falls short of a c. 93A violation); Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983). Therefore, the defendant MFG’s violation of c. 138, §34 (serving alcohol to a person below the legal drinking age) is not automatically a c. 93A violation.[3]
3. Specificity in Pleading
Plaintiffs were required in their complaint to plead with enough specificity to put their claim into the realm of c. 93A and beyond just negligent compliance with dram shop laws. Plaintiffs fail to do so. Even taking every inference in favor of the plaintiffs, no unfair or deceptive conduct is alleged in the complaint beyond a failure to comply with certain statutes. Violations of statutes are not per se c. 93A violations. See Darviris at 330-31 (failure of doctor to obtain informed consent was not unfair or deceptive). Therefore, despite plaintiffs’ argument that dismissal was inappropriate prior to discovery, they failed to plead anything that could support a c. 93A violation.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ Motion for Reconsideration is DENIED.

Plaintiffs erroneously rely on Klairmont v. Gainsboro Restaurant, Inc. in support of their contention that the violation of c. 138, §34 amounts to a violation of c. 93A. In Klairmont, the court found that systematic and willful violations of the building code for over 20 years amounted to a violation of c. 93A. Klairmont v. Gainsboro Restaurant, Inc., 2011 WL 1061080 at *11 (Feb. 15, 2011). The court was clear in stating that not every violation of the building code would constitute a c. 93A violation and that this was more than one instance of negligence. Klairmont, at *12. Both the building code and the relevant dram shop laws are intended for the protection of the public. Case law, however, makes clear that one instance of negligent failure to comply with such laws will not amount to a c. 93A violation.