CAROLANN FOREST GEORGE vs. TOWN OF SAUGUS.

Essex. November 8, 1984. — February 11, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Minor,* Notice. *Notice. Estoppel. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

The minority of a claimant under the Massachusetts Tort Claims Act does not toll the requirement of G. L. c. 258, § 4, that presentment of a claim under the act must be made to the appropriate official within two years of the date on which the cause of action arose. [41-44]

Inasmuch as negotiations between a town's insurer and a claimant under the Massachusetts Tort Claims Act occurred only after the required two-year period for presenting the claim had expired, these negotiations did not present the issue whether the town could be estopped from relying on the plaintiff's failure to make timely presentment. [44]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1983.

The case was heard by *Peter F. Brady,* J., on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*James J. Carrigan (Anne G. Luchini* with him) for the plaintiff.

*Philip J. McCarthy* for the defendant.

LYNCH, J. The plaintiff appeals from the entry of summary judgment against her in the Superior Court in a case involving the interpretation of G. L. c. 258, the Massachusetts Tort Claims Act (act). We transferred the case to this court on our own motion. G. L. c. 211A, § 10(A).

The judge granted the defendant's motion for summary judgment because the plaintiff had failed to make presentment of her claim within two years of the date the cause of action arose,

as required by G. L. c. 258, § 4.[1] The plaintiff contends that the two-year period did not begin to run until she had reached the age of majority (eighteen), and thus that presentment was timely in this case. Alternatively, the plaintiff argues that the defendant is estopped from asserting the plaintiff's failure to make timely presentment because of discussions between the plaintiff's counsel and a representative of the defendant's insurance company that occurred after the time for presentment had expired. We affirm the judgment for the defendant.

The plaintiff alleges that she was injured on February 14, 1980, in the Saugus High School gymnasium as the result of the negligence of her physical education teacher. At the time, the plaintiff was sixteen years of age. She reached the age of majority on July 18, 1981. On November 3, 1982, approximately two years and nine months after the alleged date of injury, the plaintiff made presentment of her claim to the Saugus town manager, the appropriate party under the act.

1. The plaintiff agrees that under G. L. c. 258, § 4, presentment must be made within two years of the date on which the cause of action arose. However, she contends that the provisions of G. L. c. 260, § 7,[2] which provide that the statute of limitations does not run during the period of a claimant's minority, modify the presentment requirements of G. L. c. 258, § 4. We disagree.

First, we must point out that the provisions of G. L. c. 260 cannot apply directly to the presentment requirement as stated in G. L. c. 258, § 4. Presentment is a statutory prerequisite;

---

[1] General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, states in relevant part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . . No civil action shall be brought more than three years after the date upon which such cause of action accrued."

[2] General Laws c. 260, § 7, which modifies G. L. c. 260, § 4, the general limitation of actions statute, states: "If the person entitled thereto is a minor . . . when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."

compliance is a condition precedent to the assertion of a right created by the act. *Vasys* v. *Metropolitan Dist. Comm'n,* 387 Mass. 51, 55-56 (1982). *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 315-316 (1981). 18 E. McQuillin, Municipal Corporations §§ 53.153-53.154, at 735-738 (3d ed. rev. 1984). The statute requires that there be both presentment within two years and commencement of the action within three years. These are separate and distinct requirements. For example, a legally competent plaintiff who complied with the two-year presentment requirement, but failed to bring an action within the three-year statute of limitations set by G. L. c. 258, § 4, would not meet the statutory requirements for maintaining an action.

The question we address, therefore, is whether the provisions of G. L. c. 260, § 7, which toll the statute of limitations for minors, should apply *by analogy* to the presentment requirement of G. L. c. 258, § 4.[3] In *Weaver* v. *Commonwealth,* 387 Mass. 43 (1982), we faced a similar situation. In that case, a wrongful death action, we refused to apply the provisions of G. L. c. 260, § 10, to toll the presentment requirement of the act.

The plaintiff seeks to distinguish *Weaver* on two grounds. She argues that *Weaver* involved an action against the Commonwealth, whereas this case was brought against a municipality. There is no persuasive force to the distinction. In another context, this court rejected that distinction in *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 616 (1973), stating: "The separate reasons why the rule of immunity was established for the municipality, on the one hand, and for the sovereign, on the other hand, may have been sound in their inception but they have long since lost their validity." Next she contends that her minority at the time of injury is a sufficient basis for distinguishing *Weaver.* We hold that it is not.

---

[3] We decide today that the three-year statute of limitations provision of G. L. c. 258, § 4, is tolled by G. L. c. 260, § 7, if a minor plaintiff complies with the presentment requirement, but fails to bring suit within three years of the date that the cause of action accrued. *Hernandez* v. *Boston, post* 45, 47 (1985).

In *Vasys* v. *Metropolitan Dist. Comm'n, supra* at 57, we identified two principal purposes of the act. One is to allow those with valid claims in tort to recover against governmental entities. Another "equally important" purpose is to provide a mechanism ensuring that only valid claims be paid, and the presentment requirement is intended to further this policy. *Id.* Considering these two purposes, we are to strike "[a]n appropriate balance . . . between the public interest in fairness to injured persons and in promoting effective government." *Id.,* quoting *Whitney* v. *Worcester*, 373 Mass. 208, 216 (1977).

The plaintiff argues that she was a minor disabled from prosecuting her claim and dependent on others to proceed on her behalf. Thus, she contends that if the presentment requirement does not toll during her minority, those on whom she depends may effectively waive her rights without her consent. Her argument lacks compelling force. This court has held that "[t]he Legislature may assume 'that the interest of minors will be protected by their guardians, or by others who are near to them.'" *Cioffi* v. *Guenther*, 374 Mass. 1, 4 (1977), quoting *Sweet* v. *Boston*, 186 Mass. 79, 82 (1904). Moreover, this court has decided in similar circumstances that the notice requirement contained in a similar statute is not unfair as applied to minors. See *Madden* v. *Springfield*, 131 Mass. 441, 442 (1881) (St. 1877, c. 234, § 3, now G. L. c. 84, § 18). Most other jurisdictions adhere to this view, including those with much more stringent time periods for presentment or notice of claim. Note, Notice of Claim Provisions: An Equal Protection Perspective, 60 Cornell L. Rev. 417, 426 (1975). 18 E. McQuillin, Municipal Corporations, *supra*, § 53.159, at 769-774. See, e.g., *Carr* v. *State*, 58 Cal. App. 3d 139, 144-145 (1976) (100 days to give notice); *Galloway* v. *Winchester*, 299 Ky. 87, 90-92 (1945) (90 days); *Holsman* v. *Bigfork*, 284 Minn. 460, 462 (1969) (30 days). Some courts that have held otherwise have done so only in cases that turn on facts not applicable here. See, e.g., *Murray* v. *City of New York*, 30 N.Y.2d 113, 116 (1972) (discretionary, but generally proper only where there is direct causal relation between fact of infancy and delay in giving notice); *Fort Wayne* v. *Cameron*, 267 Ind. 329, 332-

334 (1977) (only where fact of incapacity makes notice impossible). But see, e.g., *Wills* v. *Metz,* 89 Ill. App. 2d 334, 337 (1967) (plaintiff's minority always an excuse).

Furthermore, adoption of the plaintiff's position would greatly undermine the purposes of the presentment requirement. Presentment affords the governmental entity "an opportunity to make timely investigation in order to disprove fraudulent claims and to give it a chance to settle meritorious claims out of court." Sovereign Immunity in Massachusetts, 13 New Eng. L. Rev. 877, 899 (1978). 18 E. McQuillin, Municipal Corporations, *supra,* § 53-153, at 735. If the presentment requirement of the act is tolled during the minority of a claimant, it is conceivable that a municipality would not receive notice until a decade or more after the claim arose. By that time, it might well be virtually impossible to investigate the claim properly and to defend against a fraudulent claim effectively. Therefore, we hold that the presentment requirement of the act must be met regardless of the age of the claimant.

2. The plaintiff goes on to argue that by entering into what she characterizes as settlement negotiations after the time for presentment had run, the defendant is estopped to rely on her failure to make timely presentment. In response, the defendant contends that the affidavit relied upon by the plaintiff to support this argument should not be considered, since it was not served as required by Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). Even if we consider the affidavit of the plaintiff's counsel, the doctrine of estoppel would not apply. This court has long held that "[i]n order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done . . . ." *Corea* v. *Assessors of Bedford,* 384 Mass. 809 (1981), quoting *Boston & A.R.R.* v. *Reardon,* 226 Mass. 286, 291 (1917). According to the plaintiff's own representations, her contact with the defendant's insurer did not occur until June 1, 1982. Since the final day for presentment was February 14, 1982, the plaintiff could not have relied to her detriment on conversations with the insurer in deciding not to make timely presentment. Application of estoppel is therefore inappropriate in this case.

*Judgment affirmed.*