Donohue, J.
The plaintiffs, Miguel Miranda and his parents, Miguel Miranda and Carmen Martinez, brought a law suit against the defendants, the City of Worcester, the Worcester Public Schools, the Goddard School of Science & Technology, Ms. Diaz and Ms. Pettis arising out of personal injuries incurred by the minor plaintiff. The plaintiffs brought claims against the defendants under G.L.c. 258 (1994 ed.), also known as the Massachusetts Tort Claims Act, for negligence, negligent hiring, intentional or reckless infliction of emotional distress and loss of consortium.
The defendants have now moved for a motion to dismiss pursuant to Mass.R.Civ.P. 41(b)(2). As grounds thereof, the defendants contend that the plaintiffs’ presentment was defective, the plaintiffs failed to allow the waiting period to expire before filing suit, and the Worcester Public Schools and Goddard are not suable entities under G.L.c. 258.
For the reasons set forth below, the defendants’ motion to dismiss is ALLOWED.
BACKGROUND
Miguel Miranda (“Miguel”) was born on January 2, 1990. Therefore, on the day of the alleged incident, June 6, 1996, Miguel was six years old. He was a kindergarten student at the Goddard School of Science & Technology (“Goddard”). The plaintiffs, Miguel and his parents, Miguel Miranda and Carmen Martinez (“parents”), were residing at 36 Gates Street, Worcester, Massachusetts at the time of the alleged incident.
Miguel’s classroom at the Goddard was supervised by Ms. Diaz, a teacher, and Ms. Pettis, a teacher’s assistant. Miguel’s classroom was located on the first floor of the Goddard building and the bathrooms used by the students were located in the basement. Access to the basement of the building where the bathrooms were located was via a staircase. On June 6, 1996, Miguel and his classmates were on the staircase on their way to the bathrooms with Ms. Pettis walking ahead of them. As they were walking down the stairs, Miguel was pushed from behind by a male classmate. Miguel fell over the railing approximately fifteen to twenty feet to the floor of the basement. Miguel was subsequently transported to the University of Massachusetts Hospital. As a result of the accident, Miguel now attends Special Education classes and suffers from various medical problems.[2]
On June 2, 1999, the plaintiffs issued a presentment letter of their claims arising out of this incident by registered mail to the City of Worcester (“City”) and the Worcester Public Schools. The plaintiffs allege negligence by all the named defendants, intentional or reckless infliction of emotional distress by all the named defendants, and negligent hiring of Ms. Pettis by the City, Worcester Public Schools and Goddard. Additionally, Miguel’s parents seek compensation for loss of consortium of a minor child against all the named defendants.
DISCUSSION
The defendants argue that the plaintiffs’ complaint should be dismissed based on four grounds. First, the presentment letter was not properly presented pursuant to G.L.c. 258, §4, because it was presented more than two years after the incident. Second, the presentment letter failed to identify all of the claims contained in the plaintiffs’ complaint pursuant to G.L.c. 258. Third, the plaintiffs failed to allow the waiting period prescribed in G.L.c. 258, §4, to expire before filing suit. Lastly, all claims under G.L.c. 258 against the Worcester Public Schools and Goddard should be dismissed because they are not suable entities under the statute. Only the first ground asserted will be discussed by this Court because the resolution of such issue disposes of the case in its entirety.
The defendants argue that the plaintiffs’ complaint should be dismissed because the plaintiffs failed to issue a timely presentment letter. According to G.L.c. 258, §4, “[a] civil action shall not be instituted against *69 a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing . . . within two years after the date upon which the cause of action arose ...”
A presentment requirement is justified to (1) enable government units to promptly investigate alleged incidents in order to facilitate assessment of liability; (2) protect against cost of needless litigation by increasing likelihood of settlements; (3) prevent future accidents and expenses by enabling governmental unit to make necessary improvements; and (4) aid municipalities in determining future budgets. McGrath v. Stanley, 397 Mass. 775, 779 (1985), citing Note, Notice of Claim Provisions: An Equal Protection Perspective, 60 Conn. L. Rev. 417, 423 (1977). Another purpose of the statute is to allow those with valid claims against governmental entities to recover. Vasys v. Metropolitan Dist. Comm'n, 387 Mass. 51, 55 (1982). Courts must, therefore, find a balance “between the public interest in fairness to injured persons and promoting effective government.” Vasys, 387 Mass. at 57, quoting Whitney v. Worcester, 373 Mass. 208, 216 (1977).
Massachusetts courts have held that presentment must be made “in strict compliance with the statute.” Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). The requirements of presentment are strictly applied and the Commonwealth does not have to show that any prejudice resulted from plaintiffs failure to give notice in accordance with G.L.c. 258, §4. Weaver, 387 Mass. at 49. “Presentment is ... a statutory condition precedent to recovery under G.L.c. 258.” Vasys, 387 Mass. at 55.
In the case at bar, the plaintiffs’ claims arose when Miguel was injured at the Goddard on June 6, 1996. Therefore, under G.L.c. 258, §4, the plaintiffs had until June 6, 1998 to issue a presentment letter to the defendants. However, the plaintiffs’ presentment letter was issued on June 2, 1999, well beyond the two-year period prescribed in G.L.c. 258, §4.
The plaintiffs incorrectly contend that the two-year presentment limitation provision was tolled by Miguel’s age of minority[3] pursuant to G.L.c. 260, §7 (1994 ed.). According to G.L.c. 260, §7, “(I]f the person... is a minor . . . when a right to bring action first accrues, the action may be commenced within the time hereinbefore limited after the [minority] is removed.” G.L.c. 260, §7. However, this statute does not apply to the two-year presentment requirement; it applies as to when a cause of action may be brought. Under G.L.c. 258, §4, “fn]o civil action shall be brought more than three years after the date upon which such cause of action accrued.”
The Appeals Court said that “had the legislature intended the limitation period set out in c. 258 to be applied without regard to c. 260, §7, it would have expressly said so . . . ,” thus G.L.c. 260, §7, operates to toll the period of limitations for claims brought on behalf of a minor to recover under G.L.c. 258. Caroll v. Worcester, 42 Mass.App.Ct. 628, 629 (1997); see also Hernandez v. Boston, 394 Mass. 45, 47 (1985) (the general tolling provision for minors set out in G.L.c. 260, §7, is applicable to tort claims made under G.L.c. 258).
However, the three-year statute of limitations provision of G.L.c. 258, §4, is tolled by 260, §7, only if the minor plaintiff first complies with the presentment requirement of the Massachusetts Tort Claims Act. George v. Town of Saugus, 394 Mass. 40, 42 (1985). Therefore, G.L.c. 260, §7, does not apply to the presentment requirement. Rather, the presentment requirement must be met regardless of the claimant’s age. George, 394 Mass. at 44.
The facts in George are very similar to the case at bar. In George, the plaintiff, a minor, was injured in her school and alleged negligence on behalf of the teacher. George, 394 Mass. at 41. However, the plaintiff failed to file the presentment letter within the prerequisite two-year period. George, 394 Mass. at 41. The plaintiff contended that the two-year presentment provision should be tolled pursuant to G.L.c. 260, §7. George, 394 Mass. at 41.
The court in George reasoned that the provisions of G.L.c. 260 “cannot apply directly to the presentment requirement as stated in G.L.c. 258, Sec. 4. Presentment is a statutory prerequisite; compliance is a condition precedent to the assertion of a right created by the act.” George, 394 Mass. at 41, citing Vasys, 387 at 55-56. There is a distinction between the two-year presentment requirement and the three-year commencement of the action requirement. George, 394 Mass. at 42.
Adoption of the plaintiffs’ position would greatly undermine the purpose of the presentment requirement. A purpose of the requirement is to allow governmental entities to make timely investigation of the matter in order to determine if the claim is valid, and thereafter deny, settle or otherwise resolve it depending on the results of such investigation. Therefore, conceivably allowing a minor to submit the presentment letter up until the time s/he reaches majority, which in this case could have been over a decade, would definitely frustrate this purpose.
Therefore, since the plaintiffs failed to make presentment within two years after the cause of action arose, all of their claims must fail.[4]
ORDER
For the foregoing reasons, the defendants’ motion to dismiss is hereby ALLOWED.

Refractive amblyopia in the left eye, vision problems, left exotropla and poor eye tracking skills, headaches, dizziness, wrist pain, nightmares, and decreased energy.

Miguel was six years old when his cause of action arose.

The plaintiffs mistakenly argue that the two-year presentment requirement does not apply to the claims against Ms. Diaz and Ms. Pettis because they are public employees, not public employers. However, the presentment requirement applies to public employees. See G.L.c. 258.