BUDDY'S INC.[1] *vs.* TOWN OF SAUGUS.

No. 03-P-938.

Essex. March 10, 2004. - October 14, 2004.

Present: LAURENCE, DOERFER, & COHEN, JJ.

*Practice, Civil,* Attorney's fees, Costs.

This court concluded that the plain language of G. L. c. 21E, § 4A(*d*), authorizing the award of litigation costs and reasonable attorney's fees to claimants who successfully prosecute private actions to recover costs of responding to the release of hazardous materials, does not enable prevailing third-party plaintiffs to obtain an award of attorney's fees and costs from third-party defendants unless the liability of those third-party defendants for an equitable share of response costs was reasonably clear [260-263], and there was no record support to establish that the liability of the third-party defendant in this case was reasonably clear [263-264].

CIVIL ACTION commenced in the Superior Court Department on May 20, 1998.

The case was tried before *Diane M. Kottmyer,* J., and a motion for attorney's fees was heard by her.

*Thomas J. Fay* for the plaintiff.

*Michelle N. O'Brien* for the defendant.

COHEN, J. The central question presented by this appeal is the proper construction of G. L. c. 21E, § 4A(*d*), authorizing the award of litigation costs and reasonable attorney's fees to claimants who successfully prosecute private actions to recover costs of responding to the release of hazardous materials. We conclude, consistent with the plain language of the last sentence of § 4A(*d*), that the Legislature intended to treat plaintiffs and third-party plaintiffs differently with respect to such awards, and that a prevailing party who was a third-party plaintiff may not obtain an award of attorney's fees and costs from the third-

---

[1]Doing business as Park Drive Transportation, Inc.

party defendant unless the third-party defendant's liability "was reasonably clear." Discerning no basis to disturb the trial judge's conclusion that, in this instance, the liability of the third-party defendant was not reasonably clear, we affirm the denial of the third-party plaintiff's motion for fees and costs.

*Background.* In December, 1996, the fuel oil contractor for the town of Saugus (town), Northeast Petroleum Division of Cargill, Inc. (Northeast), dispatched Buddy's Inc., doing business as Park Drive Transportation, Inc. (Park Drive), to deliver heating oil to one of the town's elementary schools. During the delivery, the school's underground storage tank was grossly overfilled, resulting in the release of hundreds of gallons of fuel oil into adjacent soils. Park Drive paid for preliminary cleanup measures, but Northeast funded the lion's share of remediation costs.

Northeast brought an action against Park Drive, pursuant to G. L. c. 21E, § 4, to recover Northeast's expenditures in assessing, containing, and removing the released oil. Park Drive responded by asserting a counterclaim against Northeast and a third-party complaint against the town. Previously, Park Drive had sent the town a letter entitled "Notification Under Chapter 21E, Section 4A," in which Park Drive demanded that the town pay 100% of all response costs. Park Drive claimed that the town was solely liable for the release because school employees had failed to confirm the available capacity of the tank and had ordered too much oil. The town did not respond to this letter and later declined to participate in a global settlement with Park Drive and Northeast.

Prior to trial, Park Drive and Northeast resolved their dispute and dismissed the claims between them, leaving only the third-party action to be tried. After two days of testimony, the case was submitted to a jury on special questions. The jury assessed the equitable share of costs to be borne by the town at thirty percent and by Park Drive at seventy percent. Park Drive then filed a motion for attorney's fees and costs, which the trial judge denied on the ground that the town's liability was not reasonably clear, as required by G. L. c. 21E, § 4A(*d*)(3). From this ruling, Park Drive appeals.

*The statute.* General Laws c. 21E, § 4A, came into being as

part of the extensive 1992 revision of the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, codified at c. 21E. In 1990, amid concerns that c. 21E was not accomplishing its principal objective of efficiently cleaning up contaminated sites, the Legislature authorized the Department of Environmental Protection (DEP), in consultation with a broad-based advisory group, to study and recommend improvements and alternatives to existing programs. St. 1990, c. 150, § 126. As a result, the Study Committee for Waste Site Cleanup Program Improvements and Long Term Funding (study committee) was formed, and in December, 1990, its report was submitted to the Legislature. See Executive Office of Environmental Affairs, Department of Environmental Protection, Waste Site Cleanup Program Improvements and Funding Recommendations: Interim Report (1990). In response to the study committee's recommendations, St. 1992, c. 133, §§ 271-313, were enacted into law.

Among the changes effectuated by this legislation was the addition to c. 21E of new § 4A, inserted by St. 1992, c. 133, § 294. Section 4A sets out comprehensive procedures to facilitate the resolution of cost-sharing arrangements among potentially responsible parties and, if amicable resolution is not achieved, authorizes the award of litigation costs and reasonable attorney's fees in specified circumstances. Under § 4A, even those who are adjudged partially responsible for a release of hazardous materials may recover awards of attorney's fees and costs if statutory conditions are met. See *Martignetti* v. *Haigh-Farr, Inc.*, 425 Mass. 294, 322 (1997) (contrasting § 4A with G. L. c. 21E, § 15, which allows only "innocent" parties to recover attorney's fees and costs).

The various subsections of § 4A may be summarized as follows: § 4A(*a*) establishes a notification process to be used by claimants to send written demand to other potentially responsible parties, as well as a time frame and process for the recipients' response; § 4A(*b*) requires the notifying party to provide information reasonably requested by the responding party and creates a framework for the optional use of alternative dispute resolution; § 4A(*c*) provides that only after notice has been given and related procedures carried out, may a person com-

mence a civil action for reimbursement, contribution, or equitable allocation — except that the notification process is optional if a person already joined as a party wishes to file a third-party claim, cross claim, or counterclaim; and § 4(*d*) addresses damages in private party actions, including the award, in appropriate circumstances, of litigation costs and attorney's fees. See *Sanitoy, Inc.* v. *Ilco Unican Corp.*, 413 Mass. 627, 633 (1992).

Section 4A(*e*) provides that, if none of the conditions for an award of attorney's fees and costs is found by the court, the court may only award the prevailing claimant an equitable share of response costs or other liability; § 4A(*f*) authorizes the award of fees and costs to a defending party in some circumstances; and § 4A(*g*) provides dispensation from liability for fees and costs if the defending party has made written response to the complaining party's notification within forty-five days, asserting and demonstrating inability to pay or undue financial hardship. Section 4A(*h*) is definitional.

The pivotal portion of the statute for purposes of this appeal is § 4A(*d*), which reads in full:

> "In any civil action in which a claim, third-party claim, counterclaim or cross-claim is filed pursuant to section four or this section, the court shall award contribution, reimbursement or the equitable share of liability for which one or more other parties is found to be responsible, if any. In addition, the court shall award *the plaintiff* its litigation costs and reasonable attorneys' fees if *the plaintiff* shows, and the court finds, that the person against whom the civil action is brought is liable and:

> "(1) failed without reasonable basis to make a timely response to a notification pursuant to this section, or

> "(2) did not participate in negotiations or dispute resolution in good faith, or

> "(3) failed without reasonable basis to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability pursuant to the provisions of this chapter,

where its liability was reasonably clear. *In addition, if a third-party claim, counterclaim or cross-claim is filed pursuant to this section, the court shall award the claimant litigation costs and reasonable attorneys' fees if the person against whom the claim is brought is found liable and failed without reasonable basis to offer to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its share of the costs of such response action or of other liability pursuant to the provisions of this chapter, where the defendant's liability was reasonably clear."* (Emphasis supplied.)

*Discussion.* Park Drive contends that it was entitled to recover attorney's fees and costs pursuant to § 4A(*d*)(1) and (2), because the town did not respond to its notice and demand letter and did not participate in global negotiations when invited to do so. This argument fails, however, because, by their plain terms, these provisions apply only to an original plaintiff and not to a third-party plaintiff such as Park Drive.

Statutes are to be construed as written, in keeping with their plain meaning. See *Stop & Shop Supermarket Co.* v. *Urstadt Biddle Properties, Inc.*, 433 Mass. 285, 289 (2001), citing *Massachusetts Community College Council MTA/NEA* v. *Labor Relations Commn.*, 402 Mass. 352, 354 (1988). Here, the plain meaning of the statute is that there are two different schemes for the recovery of attorney's fees and costs — one, described in the second sentence of § 4A(*d*), pertaining to "plaintiffs," and another, described in the final sentence of § 4A(*d*), pertaining to "complainants" who prosecute cross claims, counterclaims, and third-party claims.

This distinction between plaintiffs and other claimants follows not only from the wording of § 4A(*d*) but also from the language of § 4A(*h*), which states:

"[i]n subsections (e), (f) and (g) . . . the term 'defendant' shall include an original defendant, third-party defendant, defendant-in-counterclaim and defendant-in-crossclaim, and the term 'plaintiff' shall include an original plaintiff, third-party plaintiff, plaintiff-in-counterclaim and plaintiff-in-crossclaim."

The omission in § 4A(*h*) of any reference to § 4A(*d*) reinforces the interpretation that the term "plaintiff" as used in § 4A(*d*) was not intended to include persons who have asserted counterclaims, cross claims, and third-party claims. See 2A Singer, Sutherland Statutory Construction § 46.06, at 194 (6th ed. 2000) ("where the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded").

Section 4A(*d*) clearly and unambiguously describes the two different standards for fee and costs awards. A successful "plaintiff" may recover fees and costs in any of three situations: (1) if the defendant failed without reasonable basis to make a timely response to the plaintiff's notification; (2) if the defendant did not participate in negotiations or dispute resolution in good faith; or (3) if the defendant failed without reasonable basis to offer to enter into or carry out an agreement to perform or participate in the performance of a response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability, where its liability was reasonably clear.

In contrast, a successful "complainant" asserting a cross claim, counterclaim, or third-party claim, may recover fees and costs only if the third condition is met — that is, that the person against whom the claim was successfully prosecuted failed without reasonable basis to offer to enter into or carry out an agreement to perform or participate in the performance of a response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability, where its liability was reasonably clear.[2] This difference in treatment is consistent with § 4A(*c*), which makes it optional for persons

---

[2] The last clause of § 4A(*d*)(3) literally reads, "where the *defendant's* liability was reasonably clear" (emphasis supplied). Notwithstanding our previous observation about the definitional language in § 4A(*h*), we conclude that the word "defendant" here must refer to the defendant in the cross claim, counterclaim, or third-party claim. If the term defendant were construed to refer only to the original defendant, the result would be anomalous: a defendant, like Park Drive, who has brought claims against others would be eligible to recover fees and costs only if its own liability was reasonably clear. "We will not adopt a literal construction of a statute if the consequences of such construction are absurd or unreasonable." *Attorney Gen.* v. *School Comm. of Essex*, 387 Mass. 326, 336 (1982).

bringing cross claims, counterclaims, and third-party claims to provide prelitigation notification even though such notification is required of plaintiffs as a condition of initiating a lawsuit. As reflected in both § 4A(*c*) and (*d*), the statute understandably places less importance upon compliance with procedures designed to forestall litigation once litigation is a fait accompli.

Two practical consequences flow from this reading of § 4A(*d*). First, original plaintiffs — those who have taken the initiative to seek judicial resolution of disputes among potentially responsible parties when amicable resolution has not been achieved — will have greater opportunities to recover fees and costs. Second, parties who must defend cross claims, counterclaims, or third-party claims will not be penalized with an assessment of fees and costs solely for failing to comply with the statute's prelitigation procedures. Although Park Drive contends that these consequences conflict with the manifest purpose of the statute to encourage negotiated resolution of disputes among potentially responsible parties, they are entirely consistent with the statute's other, broader goals.

Although we need not resort to legislative history to justify the construction of an unambiguous statute, the legislative history of § 4A supports this analysis. See *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 802 (1999). The study committee recommended that c. 21E be reworked to provide incentives for potentially responsible parties who wish to undertake response actions to do so quickly and efficiently; to encourage potentially responsible parties to take appropriate action with a minimum of negotiation, while still preserving the due process rights of such parties; to create incentives for private parties to conduct appropriate cleanup actions whenever possible in order to limit the need for public funding of responses; and to ensure that negotiations do not delay cleanups. See Executive Office of Environmental Affairs, Department of Environmental Protection, Waste Site Cleanup Program Improvements and Funding Recommendations: Interim Report 21-22. It is consistent with these objectives to provide a responsible party who takes the initiative to secure judicial resolution of contribution and allocation disputes with more extensive grounds for recovering an award of attorney's fees

and costs than those made available to persons who assert cross claims, counterclaims, or third-party claims in existing litigation. It is also consistent with these objectives not to penalize defendants in cross claims, counterclaims, and third-party claims for failing to follow the statute's prelitigation procedures, since insisting upon the use of such procedures when a lawsuit already is in progress may retard, rather than expedite, resolution of the parties' disputes and the completion of cleanup.

Park Drive suggested at oral argument that interpreting § 4A to provide original plaintiffs with broader opportunities to recover attorney's fees and costs than those afforded to other complainants will have the undesirable effect of encouraging defendants to bring new suits, rather than to assert their claims in the pending action. We question whether, in applying § 4A, a party's status as a plaintiff invariably must be taken at face value even if it appears that the independent action was filed simply to increase the chance of obtaining an award of fees and costs. We note, too, that the inappropriate proliferation of lawsuits is constrained by our rules of procedure. See, e.g., Mass.R.Civ.P. 13(a), as amended, 423 Mass. 1405 (1996); Mass. R.Civ.P. 19(a), 365 Mass. 765 (1974); Mass.R.Civ.P. 42, as amended, 423 Mass. 1406 (1996). In any event, the plain language of the statute mandates the construction we give it.

We are left to decide whether Park Drive was entitled to an award of attorney's fees and costs on the one theory available to it, that is, that the town failed without reasonable basis to offer to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its share of the costs of such response action or of other liability pursuant to the provisions of c. 21E, where its liability was reasonably clear. Park Drive argues that the town's liability was, indeed, "reasonably clear" because the town, as the present owner of the site, was strictly liable under G. L. c. 21E, § 5(*a*)(1); the jury allocated thirty percent of the cleanup costs to the town; and there was evidence that, in violation of applicable regulations, the town ordered oil in excess of the available capacity of the storage tank and failed to provide Park Drive with a proper tank chart.

There is no merit to these arguments. Under decided case

law, the town's liability status as owner did not automatically establish its liability to Park Drive for an equitable share of response costs. See *Mailman's Steam Carpet Cleaning Corp.* v. *Lizotte*, 415 Mass. 865, 867, 874-875 (1993); *Martignetti* v. *Haigh-Farr, Inc.*, 425 Mass. at 309 n.28.[3] Furthermore, even though, at the end of the day, the jury apportioned an equitable share of costs to the town, the verdict did not speak to whether the town's liability was reasonably clear when it declined to participate in the response action or to make payment prior to trial. Finally, Park Drive's reliance upon the evidence at trial is misplaced if only because it failed to provide us with the transcript, and there is no record support for its argument. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997). See also *Commonwealth* v. *Woody*, 429 Mass. 95, 97 (1999). The trial judge concluded that the town's liability was not reasonably clear, based upon the "evidence submitted at trial." Without a complete record of that evidence, we are in no position to review this exercise of her discretion. Compare *Hill* v. *Metropolitan Dist. Commn.*, 439 Mass. 266, 277-278 (2003) (upholding denial of request for fees and costs under § 4A because judge's conclusions were "supported by the evidence and . . . based on credibility determinations within her province").

*Conclusion.* For the foregoing reasons, the judge's order denying Park Drive's motion for attorney's fees and costs under G. L. c. 21E, § 4A, is affirmed.

*So ordered.*

---

[3]Although these cases arose prior to the 1992 amendment of c. 21E, they remain germane to the issue presented here.