JOHN DOE No. 4 *vs.* MELVIN D. LEVINE & another.[1]

No. 09-P-466.

Suffolk. March 4, 2010. - June 24, 2010.

Present: LENK, GRASSO, & VUONO, JJ.

*Medical Malpractice,* Hospital, Immunity. *Negligence,* Medical malpractice, Hospital. *Corporation,* Charitable corporation.

In a medical malpractice and negligence action brought by a former patient (plaintiff) against a doctor and the hospital that had employed him, in which the plaintiff alleged that the doctor had sexually assaulted him from 1967 to 1969, when he was the doctor's patient, the judge erred in denying the hospital's motion to dismiss, where the plaintiff's cause of action arose within the meaning of G. L. c. 231, § 85K, no later than 1969, the year in which the plaintiff was last treated by the doctor, at which time the hospital had the benefit of absolute charitable immunity. [118-121]

CIVIL ACTION commenced in the Superior Court Department on July 27, 2006.

A motion to dismiss was heard by *John C. Cratsley,* J.

A proceeding for interlocutory review was heard in the Appeals Court by *Duffly,* J.

*John P. Ryan* (*Harry A. Pierce* with him) for Children's Hospital Medical Center.

*Carmen L. Durso* for the plaintiff.

VUONO, J. In 2006, the plaintiff, John Doe No. 4 (Doe),[2] brought this medical malpractice and negligence action against Melvin D. Levine, and his employer, Children's Hospital Medical Center (hospital). Doe alleged that Levine sexually assaulted him while he was Levine's patient from 1967 to 1969 and that the hospital was negligent in its hiring, training, and supervision of Levine with respect to Doe. The hospital

---

[1]Children's Hospital Medical Center.

[2]The complaint was also brought by John Doe No. 3. However, his claims were not the subject of the motion to dismiss brought by Children's Hospital Medical Center and are not part of this appeal.

moved to dismiss Doe's negligence claim on the ground that the doctrine of charitable immunity, as it existed under the common law at the time the alleged sexual assaults occurred, bars recovery. A Superior Court judge denied the motion, and the hospital has appealed from that order.[3]

The following facts are taken from the complaint.[4] Doe was born in 1957. From 1967 through 1969, he received psychotherapy from Levine, who was the chief of the division of ambulatory pediatrics at the hospital. During this time, Levine allegedly sexually assaulted Doe, and at least five other patients of Levine have made similar allegations.[5] Thus, according to Doe, the hospital knew, or in the exercise of reasonable care should have known, that Levine was not "fit" to treat young males without supervision.

At the time that Doe received treatment, the common-law doctrine of charitable immunity precluded any tort liability against a charitable organization. See *Colby* v. *Carney Hosp.*, 356 Mass. 527, 528 (1969). However, in 1971, the Legislature abolished absolute charitable immunity and replaced it with limited liability. See G. L. c. 231, § 85K, amended by St. 1971, c. 785, § 1, which provides in pertinent part: "It shall not constitute a defense to any cause of action based on tort brought against a corporation . . . *that said corporation . . . is or at the time the cause of action arose was a charity*; provided, that if the tort was committed in the course of any activity carried on to accomplish directly the charitable purposes of such corporation . . . liability in any such cause of action shall not exceed the sum of twenty thousand dollars." (Emphasis added.)[6]

---

[3]The hospital sought relief from the judge's order by petition under G. L. c. 231, § 118, first par. A single justice of this court denied relief, but granted leave to the hospital to file an interlocutory appeal.

[4]We accept the facts alleged in the complaint as true. See *Warner-Lambert Co.* v. *Execuquest Corp.*, 427 Mass. 46, 47 (1998).

[5]The complaint alleges that John Doe was sexually assaulted and abused from 1974-1975; John Doe No. 2 was sexually assaulted and abused from 1977-1980; and John Doe No. 3 was sexually assaulted and abused from 1982-1984. The complaint also claims that another minor complained to the Board of Registration in Medicine that Levine had abused him sometime in the late 1970's, and that another minor, who filed suit in Federal Court, claimed that he was sexually abused by Levine from 1978 to 1984.

[6]Doe does not dispute either the hospital's status as a charitable organiza-

Shortly after its enactment, the Supreme Judicial Court declared that the statute did not apply retroactively. See *Ricker* v. *Northeastern Univ.*, 361 Mass. 169, 172 (1972). Consequently, the hospital's liability is contingent on the time at which Doe's cause of action against it arose. If it arose at the time of the assault (between 1967 and 1969), the statute does not apply, and the hospital has the benefit of complete immunity from tort liability. If, on the other hand, it arose in 2006, when Doe claims he first learned that he had been harmed, the statute applies, and the hospital's liability could reach $20,000.

The judge denied the hospital's motion to dismiss on the ground that the "discovery rule," which tolls the statute of limitations until a plaintiff discovers, or reasonably should have discovered, that he has been harmed by the defendant's conduct, applied to Doe's negligence claims.[7] He reasoned that because "the plaintiff was a child when the alleged abuse occurred and the harm occurred in a therapeutic context," Doe's cause of action "may have accrued" in 2006 and, therefore, the hospital had the benefit of limited charitable immunity, not absolute immunity.[8]

The judge erred, however, when he focused on the date that Doe's claim accrued instead of when it arose. It matters not when the claim accrued because the governing statute (G. L. c. 231, § 85K) refers only to when the claim arose. The two terms "arise" and "accrue" are not synonymous.[9] "Accrue" means "[t]o come into existence as an enforceable claim or right." Black's Law Dictionary 23 (9th ed. 2009). In contrast, "arise" means "[t]o originate; to stem (from)." *Id.* at 122. Because the conduct from which the claim originated occurred between 1967 and 1969, Doe's claim arose prior to the enactment of the statute,

---

tion or that the alleged negligence occurred while the hospital was carrying out its central charitable purpose, namely, the provision of medical care. See G. L. c. 231, § 85K.

[7] See *Franklin* v. *Albert*, 381 Mass. 611, 619 (1980) (adopting the discovery rule for medical malpractice cases).

[8] The judge did not address Doe's alternate grounds advanced in opposition to the hospital's motion to dismiss. Given our conclusion, we likewise have no reason to address them.

[9] See *Heinrich* v. *Sweet*, 118 F. Supp. 2d 73, 79 (D. Mass. 2000) ("It is true that, at times, Massachusetts courts have used the terms arise and accrue interchangeably. . . . [H]owever, there is a subtle, yet important, difference between the two words").

even if it accrued at a later point.[10] Application of the discovery rule does not alter the date on which Doe's claim arose because a " 'claim' arises at the time of the 'underlying incident' giving rise to the claim." *Eck* v. *Godbout*, 444 Mass. 724, 730 (2005), quoting from *Sword & Shield Restaurant, Inc.* v. *Amoco Oil Co.*, 11 Mass App. Ct. 832, 833 (1981). The time at which a cause of action arises is fixed: an event occurred that concurrently or at a later date caused an injury. The discovery of that injury marks the time at which the cause of action *accrues*.[11] Thus, it is not determinative, as Doe contends, that he did not become aware of his injury until 2006 because the date he discovered his injury is relevant only to the time of accrual for limitations purposes and not to the time at which the cause of action arose.[12]

This case is not dissimilar to *George* v. *Saugus*, 394 Mass. 40 (1985), in which the Supreme Judicial Court distinguished "arise" from "accrue" in the context of the Massachusetts Tort Claims Act. The Act requires a claimant to make presentment "within two years after the date upon which the cause of action *arose*," yet "[n]o civil action shall be brought more than three years after the date upon which such cause of action *accrued*"

---

[10]This is true as well for Doe's claim that the hospital was negligent in its hiring, training, and supervision of Levine. See *Doe* v. *Senechal*, 66 Mass. App. Ct. 68, 76 (2006) (cognizable injury is the "direct physical harm" flowing from the alleged negligence).

[11]See *Riley* v. *Presnell*, 409 Mass. 239, 244 (1991) ("A cause of action will *accrue* when the plaintiff actually knows of the cause of action or when the plaintiff should have known of the cause of action" [emphasis added]); *Ross* v. *Garabedian*, 433 Mass. 360, 363 (2001) ("causes of action do not *accrue* for limitations purposes until the plaintiff knew or should have known that he has been harmed by the defendant's conduct" [emphasis added]); *Doe* v. *Harbor Schs., Inc.*, 446 Mass. 245, 256 (2006) ("a cause of action *accrues* for limitations purposes when a plaintiff knows [or in the case of the discovery rule, should know] facts sufficient to make a causative link between the fiduciary's conduct and the beneficiary's actual injury" [emphasis added]); *Sullivan* v. *Rich*, 71 Mass. App. Ct. 16, 18 (2007), quoting from *Riley* v. *Presnell*, *supra* at 243 ("as general rule, cause of action for personal injuries '*accrues* when the plaintiff is injured' " [emphasis added]).

[12]Doe's argument that the hospital's fraudulent concealment of the assault tolled the time in which his claim "arose" suffers from the same fundamental flaw. Any tolling provision, whether it be fraudulent concealment or the discovery rule, only determines the date on which the cause of action accrues, not when it arose. Furthermore, contrary to Doe's assertion, the facts, viewed in the light most favorable to Doe, do not allege, let alone establish, fraudulent conduct on the part of the hospital.

(emphasis added). G. L. c. 258, § 4, inserted by St. 1978, c. 512, § 15. In *George* v. *Saugus*, the minor plaintiff did not make presentment within two years of the date of the incident. The applicable discovery rule tolled the statute of limitations for minors until they reach majority. G. L. c. 260, § 7. The court determined, however, that although the statute tolled the time for bringing the civil action (the accrual time), it did not toll the time for making presentment (the arising time). *George* v. *Saugus, supra* at 41, 44 ("Presentment is a statutory prerequisite" that "must be met regardless of the age of the claimant"). See, e.g., *Harlfinger* v. *Martin*, 435 Mass. 38, 41 n.3 (2001) (cause of action no longer existed having been extinguished by the statute of repose).[13],[14]

Based on the foregoing, we conclude that Doe's negligence claim arose no later than 1969, which is the year in which he alleges he was last treated by Levine. At that time, the hospital had the benefit of absolute charitable immunity. Accordingly, we vacate the order denying the hospital's motion to dismiss. Judgment shall be entered for the hospital.

*So ordered.*

---

[13]Similarly, the wrongful death statute, on which both parties rely for different reasons, applies the discovery rule only to the accrual of the cause of action. See G. L. c. 229, § 2, amended through St. 1979, c. 164, § 1 ("An action to recover damages under this section shall be commenced within three years from the date of death, or within three years from the date when the deceased's executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action").

[14]Our conclusion is also consistent with statutory rules of construction. Although the Legislature has enacted or expressly included tolling provisions for specific torts, see, e.g., G. L. c. 260, § 4C; G. L. c. 231, § 60D, it did not include any exclusion, exception, or tolling provision when it enacted G. L. c. 231, § 85K. "[W]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded." *Buddy's Inc.* v. *Saugus*, 62 Mass. App. Ct. 256, 261 (2004), quoting from 2A Singer, Sutherland Statutory Construction § 46.06, at 194 (6th ed. 2000).