NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1121

HATCH LANDSCAPE & DESIGN, INC.[1]

vs.

DOUGLAS MACEDO[2] (and a consolidated case[3]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a separation and release agreement

between the defendant, Douglas Macedo, and the plaintiff, Hatch

Landscape & Design, Inc. (Hatch).  The parties entered into the

agreement after Hatch terminated Macedo's employment.  Hatch

filed a complaint in the Superior Court alleging Macedo breached

that agreement by retaining and utilizing photographs of Hatch's

landscaping jobs.[4]  After a jury-waived trial, a Superior Court

---

[1] Formerly known as The Hatch Group, Inc.

[2] Doing business as Sealcoat Team 3.

[3] Douglas Macedo vs. Jared Hatch, No. 2185CV459.

[4] Hatch's complaint also alleged a violation of G. L. c. 93A, which was dismissed in the final judgment; there is no argument as to that count on appeal.  Macedo filed counterclaims

judge concluded that Macedo breached the agreement by downloading and taking photographs of Hatch's jobs, and utilizing them in the furtherance of the marketing for his new business.  We affirm.

On appeal, Macedo argues that the evidence was insufficient to support the judge's conclusion that the photographs belonged to Hatch.  He asserts that the photographs are protected under the First Amendment to the United States Constitution because he took the photographs himself and they "were taken on a public spot with what the eyes can see."  He further asserts that the photographs "were taken by his personal property" using his own lighting, layouts, and camera angles.  Thus, the issue before us involves the judge's conclusion that "Macedo breached the agreement by downloading the photographs of [Hatch's] driveway jobs and thereafter utilizing those photographs in furtherance of the marketing of Macedo's [own] business."

It is an appellant's responsibility "to ensure that the record is adequate for appellate review."  Commonwealth v. Woody, 429 Mass. 95, 99 (1999).  Here, in the absence of an

_____

against Hatch, including an abuse of process counterclaim, and also filed a separate complaint in the Superior Court against Jared Hatch, personally, alleging abuse of process, among other claims.  The cases were consolidated in the Superior Court for trial.  The abuse of process claims against Hatch and Jared Hatch were dismissed in the final judgment and, on appeal, Macedo has not made a separate argument as to those, or other claims.

adequate record, "we have no basis for concluding that the evidence did not support the judge's finding[]" as to which party the photographs belonged to.  Arch Med. Assocs., Inc. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992).

The record before this court does not contain a transcript of the jury-waived trial, nor does it contain a copy of the parties' agreement.  We are thus unable to discern whether the record supported the judge's findings and conclusions.[5]  See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007) ("When a party fails to include a document [on which he relies] in the record appendix, an appellate court is not required to look beyond that appendix to consider the missing document"); R.M. Packer Co. v. Marmik, LLC, 88 Mass. App. Ct. 654, 655 n.2 (2015) (factual findings of lower court jury-waived trial "are in essence unreviewable because the trial transcript was not included in the appellate record"); Buddy's Inc. v. Saugus, 62 Mass. App. Ct. 256, 264 (2004) ("reliance upon the evidence at

_____

[5] In the Superior Court, Macedo moved for payment of the costs to produce transcripts for this appeal.  The motion was denied without prejudice to submittal of a supplement to the affidavit of indigency.  Rather than submit the requested document, Macedo petitioned to a single justice of this court, who affirmed the Superior Court judge's denial without prejudice.  Macedo did not appeal from the decision of the single justice and does not address the costs of transcripts in the present appeal.

trial is misplaced if only because [the appellant] failed to provide us with the transcript").  See also Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019); Mass. R. A. P. 8 (b), as appearing in 481 Mass. 1611 (2019).  In the absence of an adequate record on appeal, we decline to disturb the judgments.[6],[7]

Judgments affirmed.

By the Court (Singh,
  D'Angelo & Hodgens, JJ.[8]),

Clerk

Entered:  June 17, 2025.

---

[6] To the extent Macedo has raised a discovery issue, he has also not provided an adequate record on appeal.

[7] Hatch seeks an award of appellate attorney's fees and costs based on the agreement.  Neither party has submitted the agreement as part of the record on appeal.  Therefore, as we are not in a position to address appellate fees, we deny Hatch's request for appellate attorney's fees and costs.

[8] The panelists are listed in order of seniority.